**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Harold Harvey Clark,<br><br>                                        Debtor.<br><br>Kevin Campbell, Trustee,<br><br>                                        Plaintiff,<br><br>v.<br><br>Harold Harvey Clark,<br><br>                                        Defendant. | C/A No. 10-01435-DD<br><br>Adv. Pro. No. 11-80067-DD<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on a Motion for Summary Judgment ("Motion") filed by Kevin Campbell, the chapter 7 trustee ("Plaintiff") on September 23, 2011. No response to the Motion was filed. A hearing was held on November 15, 2011. At the conclusion of the hearing, the Court granted Plaintiff's Motion. The Court now issues this Order.

Plaintiff initiated this adversary proceeding on June 1, 2011 in order to seek a revocation of Harold Harvey Clark's ("Defendant") chapter 7 discharge. Plaintiff's Complaint alleges that Defendant failed to disclose in his bankruptcy case two properties he owns in Henderson County, North Carolina. At the hearing, Plaintiff named an additional property which Plaintiff states Defendant also failed to disclose. The Complaint alleges that Defendant was aware at the time he filed his bankruptcy schedules that he had failed to disclose all assets and did not take any action to correct his schedules. As a result, Plaintiff alleges that Defendant's discharge was obtained by fraud and that Defendant's discharge should be revoked pursuant to 11 U.S.C. § 727(d)(1).

Defendant filed an Answer on July 2, 2011, admitting that he failed to list the assets on his schedules, but alleging that he did not consider them his property because they were put in his name by his wife's deceased former husband. Defendant also denied that he knew he had failed to disclose all his assets when he filed the case. Defendant did not file a response to Plaintiff's Motion. At the hearing on Plaintiff's Motion, Defendant stated that he was unable to file a response because he had transferred one of the pieces of property at issue to his wife and could not convince her to transfer it back to him. Defendant simply stated that the failure to list the properties on his schedules was innocent and not fraudulent and that the Bankruptcy Court is a court of equity and therefore should act equitably and deny Plaintiff's Motion in order to allow Defendant to have a trial on the matter. Defendant's counsel stated that she believed if Defendant's discharge was revoked that Defendant's creditors would begin harassing Defendant and that this would have a severe, possibly fatal, effect on Defendant's health.

Defendant also failed to timely respond to Plaintiff's Requests for Admission. As a result, Defendant admitted several facts, including that he was the record owner of the properties in question, that he reviewed and signed his schedules, which did not include the properties, and certified that they were true and correct, and that he did not disclose the properties on any document filed with this Court until June 2011. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

Rule 7056 of the Federal Rules of Bankruptcy Procedure provides that Federal Rule of Civil Procedure 56 governs summary judgment in adversary proceedings. Fed. R. Bankr. P. 7056; *Automotive Fin. Corp. v. Rigoroso (In re Rigoroso)*, No. 10-05259-dd, Adv. Pro. No. 10-

80168-dd, at 3 (Bankr. D.S.C. Apr. 26, 2011). Fed. R. Civ. P. 56 provides that summary judgment shall be granted if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Rigoroso*, at 3. A court deciding a summary judgment motion should consider all documents on file, including pleadings, depositions, answers to interrogatories and requests for admission, and affidavits. *Rigoroso*, at 3 (quoting *In re Proveaux*, No. 07-05384-jw, at 5 (Bankr. D.S.C. Mar. 31, 2008)). "If the movant sets forth evidence sufficient to establish his right to judgment, 'the non-movant must proffer countering evidence sufficient to create a genuine factual dispute.'" *Id.* (quoting *In re Proveaux*, No. 07-05384-jw, at 5 (Bankr. D.S.C. Mar. 31, 2008)).

   11 U.S.C. § 727(d)(1) provides:

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if – (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

For a debtor's discharge to be revoked, the trustee must establish by a preponderance of the evidence that "(1) the discharge was obtained through fraud, and (2) the [trustee] was not aware of the alleged fraud prior to discharge." *In re Wamsley*, 385 B.R. 619, 623 (Bankr. N.D. W.Va. 2008) (citing *Farouki v. Emirates Bank Int'l Ltd.*, 14 F.3d 244, 249 (4th Cir. 1994); *Dean v. McDow (In re Dean)*, 299 B.R. 133, 139 (E.D. Va. 2003)). In order to satisfy the first requirement, the trustee must show that the debtor made a false oath fraudulently and knowingly in or in connection with his bankruptcy proceeding and that the oath related to a material fact. *Id.* at 624 (quoting *Dean v. McDow (In re Dean)*, 299 B.R. 133, 139 (E.D. Va. 2003)). Fraudulent intent may be established by either circumstantial evidence or "inference drawn from a course of conduct" or by a showing of "'reckless indifference to the truth' constituting a

'functional equivalent of fraud.'" *Id.* (quoting *Dean v. McDow (In re Dean)*, 299 B.R. 133, 140 (E.D. Va. 2003)).

Plaintiff made a showing that based on the pleadings, no genuine issue of material fact exists, and Defendant failed to present any evidence sufficient to create a factual dispute. Plaintiff showed that Defendant admitted he owned the property before his bankruptcy filing and that he failed to list it on his schedules. Defendant stated at the hearing that he simply forgot about the properties he failed to list, but his Answer to Plaintiff's Complaint states that he did not list it because he did not consider it to be his property. Defendant also admitted that he did not amend his schedules to disclose the additional properties until well after he received his discharge on December 23, 2010. Based on these admissions by Defendant and the representations by Plaintiff, it appears that Defendant engaged in fraud or "the functional equivalent of fraud," and the first element of the two-part test under section 727(d)(1) is met.

Additionally, there is no indication that Plaintiff knew or should have known about the failure to list the properties prior to Plaintiff taking action by filing this adversary proceeding. Plaintiff indicated that the trustee's office got a call from a third party who provided information about the unlisted properties in March 2011. Plaintiff stated that the representations made during the telephone call were investigated, and in June, the adversary proceeding was filed. Defendant made no allegations or representations that Plaintiff failed to satisfy this second element of the two-part test; thus, no dispute regarding the timeline of Plaintiff's knowledge of Defendant's fraud exists. The second element of the section 727(d)(1) test is met.

Because no genuine issues of material fact exist, and because Plaintiff has satisfied both elements required for revocation of discharge under section 727(d)(1), Plaintiff is entitled to

summary judgment.  Plaintiff's Motion for Summary Judgment is granted.  Defendant's chapter 7 discharge is revoked.

    AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/16/2011**



Entered: 11/17/2011

David R. Duncan
US Bankruptcy Judge
District of South Carolina